**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) |
|     ANN D. GRIFFIN, | ) |
| | ) |
| LAKEWOOD FALLS COMMUNITY | ) Case Number: 16-23508 |
| ASSOCIATION, INC., | ) Chief Judge Pamela S. Hollis |
| an Illinois Not-For-Profit Corporation, | ) Bankruptcy - Chapter 13 |
| | ) |
|     Creditor, | ) |
|     v. | ) |
| | ) |
| ANN D. GRIFFIN, | ) |
|     Debtor. | ) |

### NOTICE OF MOTION

TO:   See Attached Service List

      On February 2, 2018 at 10:45 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Chief Judge Pamela S. Hollis, or any judge sitting in her stead, at the Joliet City Hall, 150 West Jefferson, 2nd Floor, Joliet, IL 60432 and then and there present the attached ***Secured Creditor Lakewood Falls Community Association, Inc.'s Motion for Relief from Stay.***

CHARLES M. KEOUGH/DAWN L. MOODY
GABRIELLA R. COMSTOCK/JONATHAN D. WASSELL
BRYAN M. WILEY
KEOUGH AND MOODY, P.C.
Attorney Number 06283567
Attorney for Creditor
114 East Van Buren
Naperville, IL 60540
(630) 369-2700

  /s/ Dawn L. Moody
Attorneys for Creditor

### PROOF OF SERVICE

      I, DAWN L. MOODY, an attorney, on oath state, I served this Notice and Motion for Relief from Stay to the persons named on the service list via the method listed at or before 4:00 p.m. on January 17, 2018.

                                    /s/ Dawn L. Moody

**KEOUGH & MOODY COLLECTS DEBTS FOR ASSOCIATIONS. ANY AND ALL INFORMATION OBTAINED CAN AND WILL BE USED FOR THIS PURPOSE.**

## **SERVICE LIST**

1. Ann D. Griffin - via regular mail
   22241 W. Niagara Trail
   Plainfield, IL 60544

2. Kathleen Vaught - via regular mail and CM/ECF
   600 W Roosevelt, Ste. B1
   Wheaton, IL 60187

3. Glenn B. Stearns - via regular mail and CM/ECF
   801 Warrenville Road, Suite 650
   Lisle, IL 60532

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
|     ANN D. GRIFFIN, | ) | |
| | ) | |
| LAKEWOOD FALLS COMMUNITY | ) | Case Number: 16-23508 |
| ASSOCIATION, INC., | ) | Chief Judge Pamela S. Hollis |
| an Illinois Not-For-Profit Corporation, | ) | Bankruptcy - Chapter 13 |
| | ) | |
|     Creditor, | ) | |
|     v. | ) | |
| | ) | |
| ANN D. GRIFFIN, | ) | |
|     Debtor. | ) | |

## SECURED CREDITOR LAKEWOOD FALLS COMMUNITY ASSOCIATION, INC.'S MOTION FOR RELIEF FROM STAY

NOW COMES the Secured Creditor, LAKEWOOD FALLS COMMUNITY ASSOCIATION, INC., by and through its counsel, Charles M. Keough, Dawn L. Moody, Gabriella R. Comstock, Jonathon D. Wassell, and Bryan M. Wiley of Keough and Moody, P.C. who respectfully prays for the entry of an order granting relief from the automatic stay pursuant to 11 U.S.C. Section 362(d), and in support thereof states:

(1) On July 22, 2016, the above captioned Chapter 13 was filed.

(2) The Debtor, ANN D. GRIFFIN, is the owner of a unit commonly known as 22241 W. Niagara Trail, Plainfield, IL 60544.

(3) The foregoing property is part of the Lakewood Falls Community Association, Inc. and is subject to the provisions of the Amended and Restated Declaration of Covenants, Conditions, and Restrictions for Lakewood Falls Community Association (hereinafter "Declaration"), which was recorded as Document No. R95029946 in the Office of the Will County Recorder of Deeds, and subsequently amended.

(4)  The Association is a party in interest and is secured by virtue of its Declaration.

(5)  Pursuant to the terms of the Declaration, the Debtor is required to make monthly assessment payments to the Creditor in the amount of $64.00. If assessments are not paid by the 15th day of the month in which they are due, a late charge in the amount of $25.00 is assessed to the account.

(6)  Pursuant to the terms of the Declaration, the Debtor is required to pay all expenses connected with proceedings to collect unpaid assessments and enforce the Declaration terms. These amounts are assessed to the Debtor and deemed a part of the Common Expenses.

(7)  The Debtor has failed to make current monthly assessment payments to the Creditor in conformity with the Declaration since the filing of this bankruptcy action. Attached hereto is a true and accurate statement of account.

(8)  As of January 16, 2018, the amount due to the Creditor for post-petition assessments, late fees and attorney's fees is $410.00.

(9)  The property commonly known 22241 W. Niagara Trail, Plainfield, IL 60544 is not necessary for the Debtor's successful reorganization.

(10) The Creditor lacks adequate protection due to the Debtor's failure to make regular, current monthly payments to the Creditor.

(11) Creditor notified Debtor and her attorney attorney of the post-petition default. The post petition default has not been cured in response to said notice. Attached is a true and accurate copy of said correspondence.

(12) Debtor's failure to make assessment payments jeopardizes the Creditor's ability to meet its scheduled budget or fund reserves, both of which are essential to the maintenance, upkeep, repair and replacement of the common areas as required by the Creditor pursuant to the Declaration recorded in Will County, Illinois.

(13) For the reasons set forth above, it would be inequitable to delay the enforcement of any order granting relief from the automatic stay with respect to the Creditor; therefore, Bankruptcy Rule 4001(a)(3) should be waived.

WHEREFORE, Creditor, LAKEWOOD FALLS COMMUNITY ASSOCIATION, INC., respectfully requests this court to grant its MOTION FOR RELIEF FROM STAY, for Bankruptcy Rule 4001(a)(3) be waived, and for any and all further relief this court deems just and proper.

Respectfully Submitted,
LAKEWOOD FALLS COMMUNITY ASSOCIATION, INC.,


By:  /s/ Dawn L. Moody
         One of its attorneys


CHARLES M. KEOUGH/DAWN L. MOODY
GABRIELLA R. COMSTOCK/JONATHAN D. WASSELL
BRYAN M. WILEY
KEOUGH AND MOODY, P.C.
Attorney Number 06283567
Attorney for Creditor
114 East Van Buren
Naperville, IL 60540
(630) 369-2700
X:\client\Lakewood Falls\Collections\griffin\BK - 16-23508\Mt.Relief.wpd

**KEOUGH & MOODY COLLECTS DEBTS FOR ASSOCIATIONS.  ANY AND ALL INFORMATION OBTAINED CAN AND WILL BE USED FOR THIS PURPOSE.**

Mary Ann Stukel 05/05/95
Will County Recorder 15:14
TER Fee: 80.00
R 95029946 Page 1 of 69

AMENDED AND RESTATED

DECLARATION OF COVENANTS, CONDITIONS, AND RESTRICTIONS

FOR

LAKEWOOD FALLS COMMUNITY ASSOCIATION

CHICAGO TITLE INSURANCE CO.

G:\USERS\VMH\08003\057\LKWD-CCR.007  05/01/95 15:38

10969

enforcing contracts for private scavenger service for the Properties shall be included as a part of the Common Area Expenses. The Association shall have the right to level late charges, to require the payment of security deposits as a condition to receiving service, to require the payment of all past due bills and late charges thereon as a condition to the issuing of assessment letters and to institute legal proceedings based on a Unit Owner's failure to pay for scavenger services.

Unless the contract then in effect with the private scavenger service company providing scavenger service provides for service to be provided at a flat rate or fixed charge for each Unit receiving scavenger service, the amount billed to each Unit shall be based on usage. The amount to be paid for scavenger service is an expense also payable by Unit Owners in addition to assessments levied pursuant to this Declaration. Charges for scavenger Service due to the Association shall constitute a lien on the Unit if unpaid for thirty (30) days. Upon the recording of a notice of lien on any Unit, there shall exist a perfected lien for unpaid scavenger service charges which shall have the priority and shall be enforced in the manner provided in Article X, Section 5 of this Declaration for Assessments.

## Article X
## Assessments

Section 1. *Creation of Assessments*. There are hereby created assessments for Association expenses as may from time to time specifically be authorized by the Board of Directors to be commenced at the time and in the manner set forth in Section 7 of this Article. There shall be two (2) types of assessments: (a) Base Assessments to fund Common Expenses for the benefit of all Members of the Association; and (b) Special Assessments as described in Section 3 below.

Base Assessments shall be levied equally on all Units. Special Assessments shall be levied as provided in Section 3 below. Each Owner, by acceptance of a deed or recorded contract of sale to any portion of the Properties, is deemed to covenant and agree to pay these assessments.

All delinquent assessments, together with interest at a rate not to exceed the highest rate allowed by Illinois law as computed from the date the delinquency first occurs, costs, and reasonable attorney's fees, shall be a lien on the land and shall be a continuing lien upon the Unit against which each assessment is made until paid. Each such assessment, together with interest, costs, and reasonable attorney's fees, shall also be the personal obligation of the Person who was the Owner of such Unit at the time the assessment arose, and if title to such Unit is held in trust, then each beneficiary thereof shall also be

-17-


22

jointly and severally liable therefor. Upon transfer of title to a Unit, the grantee, by acceptance of the deed to such Unit, is deemed to assume such personal obligation for past due assessments, including interest, costs and attorneys fees, and shall be jointly and severally liable with the grantor for such portion thereof as may be due and payable at the time of conveyance, except no first Mortgagee who obtains title to a Unit pursuant to the remedies provided in the Mortgage shall be liable for unpaid assessments which accrued prior to such acquisition of title.

The Association shall, upon demand at any time, furnish to any Owner liable for any type of assessment a certificate in writing signed by an officer of the Association setting forth whether such assessment has been paid as to any particular Unit (an "Assessment Letter"). An Assessment Letter shall be conclusive evidence of payment to the Association of the Assessments and charges due for sanitary sewer, water, and scavenger service therein stated to have been paid. The Association may require the advance payment of a processing fee not to exceed Fifty ($50.00) Dollars for the issuance of an Assessment Letter.

Assessments shall be paid in such manner and on such dates as may be fixed by the Board of Directors. Each Owner, by acceptance of a deed to his or her Unit, acknowledges that all Base Assessments levied hereunder are annual assessments due and payable in advance on the first day of the fiscal year; provided, the Board may permit any assessment to be paid in installments. Unless the Board otherwise provides, the Base Assessment may be paid in monthly installments.

No Owner may waive or otherwise exempt himself from liability for the assessments provided for herein, including, by way of illustration and not limitation, by non-use of Common Areas or abandonment of the Unit. The obligation to pay assessments is a separate and independent covenant on the part of each Owner. No diminution or abatement of assessment or set-off shall be claimed or allowed by reason of any alleged failure of the Association or Board to take some action or perform some function required to be taken or performed by the Association or Board under this Declaration or the By-Laws, or for inconvenience or discomfort rising from the making of repairs or improvements which are the responsibility of the Association, or from any action taken to comply with any law, ordinance, or with any order or directive of any municipal or other governmental authority.

Until turnover, Declarant shall have the option, in lieu of paying regular assessments on its unsold Units, the Declarant shall be obligated for the difference between the amount of assessments levied on all Units subject to assessment and the amount of actual expenditures required to operate the Association during the fiscal year. This obligation may be satisfied in the

form of a cash subsidy or by "in kind" contributions of services or materials, or a combination of these at Declarant's option. Assessments shall be paid with respect to Units which are owned by Declarant but leased to and occupied by tenants. In the case of non-payment of assessments, the Association shall have a lien on the Units owned by Declarant.

The Association is specifically authorized to enter into subsidy contracts or contracts for "in kind" contribution of services or materials or a combination of services and materials with Declarant or other entities for the payment of some portion of the Common Expenses.

Section 2. **Computation of Base Assessment**. It shall be the duty of the Board, at least sixty (60) days before the beginning of each fiscal year, to prepare a budget covering the estimated Common Expenses of the Association during the coming year. The budget shall reflect and include any amounts as may charged to and to be received from others pursuant to the Community Declaration. The budget shall include an annual capital contribution to a reserve fund for the replacement of capital items based on the number and nature of replaceable assets, the expected life of each asset, and the expected repair or replacement cost.

The Base Assessment to be levied for the coming year against each Unit subject to assessment shall be computed by dividing the budgeted Common Expenses by the total number of Units submitted to this Declaration. The Board shall cause a copy of the proposed Common Expense budget and notice of the proposed amount of Base Assessment to be levied against each Unit for the following year to be delivered to each Owner at least thirty (30) days prior to the adoption thereof by the Board. The proposed Common Expenses budget shall be prepared based on increased and additional costs, provided that the increase in the Base Assessment for any year shall not exceed the increase in the consumer price index during the twelve month period beginning with the month of September and ending with the month of August of the then ending fiscal year, plus five percent (5%).

Notwithstanding the foregoing, however, in the event the proposed budget is disapproved or the Board fails for any reason so to determine the budget for any year, then and until such time as a budget shall have been determined as provided herein, the budget in effect for the immediately preceding year shall continue for the current year.

Section 3. **Special Assessments**. In addition to the assessments authorized in Section 1 of this Article, the Association may levy a Special Assessment or Special Assessments from time to time; provided, such assessment shall have the affirmative vote of at least fifty-one (51%) percent of the Class "A" members of the Association present in person or by proxy at a

meeting called for such purpose and the affirmative vote or written consent of the Class "B" Member, if such exists. Special Assessments shall be payable in such manner and at such times as determined by the Board, and may be payable in installments extending beyond the fiscal year in which the Special Assessment is approved, if the Board so determines.

The Association may also levy a Special Assessment against any Member to reimburse the Association for costs incurred in bringing a Member and his Unit into compliance with the provisions of the Declaration, any amendments thereto, the Articles, the By-Laws, and the Association rules, which Special Assessment may be levied upon the vote of the Board after notice to the Member and an opportunity for a hearing.

Section 4. *Lien for Assessments.* Upon recording of a notice of lien on any Unit, there shall exist a perfected lien for unpaid assessments prior and superior to all other Liens, except (1) all taxes, bonds, assessments, and other levies which by law would be superior thereto, and (2) the lien or charge of any first Mortgage of record (meaning any recorded Mortgage with first priority over other Mortgages) made in good faith and for value. Such lien may be enforced by suit, judgment, and foreclosure.

The Association, acting on behalf of the Owners, shall have the power to bid for the Unit at foreclosure sale and to acquire and hold, lease, mortgage, and convey the same. During the period in which a Unit is owned by the Association following foreclosure: (a) No right to vote shall be exercised on its behalf; (b) no assessment shall be assessed or levied on it; and (c) each other Unit shall be charged, in addition to its usual assessment, its equal pro rata share of the assessment that would have been charged such Unit had it not been acquired by the Association as a result of foreclosure. Suit to recover a money judgment for unpaid Common Expenses and attorney's fees or an action pursuant to the Forcible Entry and Detainer Act shall be maintainable without foreclosing or waiving the lien securing the same.

Section 5. *Date of Commencement of Assessments.* The assessments provided for herein shall commence as to each Unit on the day that the Unit is subjected to the terms of this Declaration. Assessments shall be due and payable in a manner and on a schedule as the Board of Directors may provide. The first annual Base Assessment shall be adjusted according to the number of days remaining in the fiscal year at the time assessments commence on the Unit.

Section 6. *Subordination of the Lien to First Mortgages.* The lien of assessments, including interest, late charges (subject to the limitations of Illinois law), and costs (including attorney's fees) provided for herein, shall be

-20-

25

subordinate to the lien of any first Mortgage upon any Unit. The sale or transfer of any Unit shall not affect the assessment lien. However, the sale or transfer of any Unit pursuant to judicial or nonjudicial foreclosure of a first Mortgage shall extinguish the lien of such assessments as to payments which became due prior to such sale or transfer. No sale or transfer shall relieve such Unit from lien rights for any assessments thereafter becoming due. Where the Mortgagee holding a first Mortgage of record or other purchaser of a Unit obtains title pursuant to remedies under the Mortgage, its successors and assigns shall not be liable for the share of the Common Expenses or assessments by the Association chargeable to such Unit which became due prior to the acquisition of title to such Unit by such acquirer. Such unpaid share of Common Expenses or assessments shall be deemed to be Common Expenses collectible from Owners of all the Units, including such acquirer, its successors and assigns.

Section 7. <u>Capitalization of Association</u>. Upon subjection of a Unit to the Declaration, a contribution shall be made to the working capital of the Association in an amount equal to three months of the Base Assessment for that year plus $125.00. Such contribution shall not be considered advance payment of assessments and shall be in addition to, not in lieu of, assessments then or thereafter coming due.

Section 8. <u>Exempt Property</u>. Notwithstanding anything to the contrary herein, the following property shall be exempt from payment of Base Assessments and Special Assessments:

(a) all Common Area; and

(b) all property dedicated to and accepted by any governmental authority or public utility, including, without limitation, public schools, public streets, and public parks, if any.

Article XI
<u>Architectural Standards</u>

The Board of Directors shall have the authority and standing, on behalf of the Association, to enforce in courts of competent jurisdiction decisions of the committee established in Section 1 of this Article XI. This Article may not be amended without the Developer's written consent so long as a Declarant or a partnership in which the Developer is the general partner owns any land subject to this Declaration or subject to annexation to this Declaration.

Section (a) <u>Review Committee</u>. The Board of Directors shall establish a Review Committee ("RC") to consist of at least three (3) and no more than five (5) members, all of whom shall be

-21-


26.

01/16/2018 10:42 AM
Case 16-23508    Doc 50    Filed 01/17/18    Entered 01/17/18 13:54:50    Desc Main
Document    Page 12 of 14
Page: 1

Resident Transaction Report
LAKEWOOD FALLS COMMUNITY ASSOCIATION, INC.
Dates 01/01/2000 to 01/16/2018

LF-0507  Lakewood Falls Assn
Plainfield IL 60544

| Unit | STAT# | Resident | Type | Date | CC | Description | Check | Amount | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 2070 | 03 | Ann Griffin | App# | 64413 | | | Beg Bal | | 0.00 |
| | | Yvonne Griffin | Chg | 01/13/2017 | AS | AUG 2016 ASSESSMENT | | 59.00 | 59.00 |
| | | 22241 W Niagara Trl | Chg | 01/13/2017 | AS | SEPT 2016 ASSESSMENT | | 59.00 | 118.00 |
| | | Plainfield IL 60544 | Chg | 01/13/2017 | LT | 9/20/16 LATE FEE | | 25.00 | 143.00 |
| | | | Chg | 01/13/2017 | AS | OCT 2016 ASSESSMENT | | 59.00 | 202.00 |
| | | 22241 W NIAGARA TRAIL | Chg | 01/13/2017 | LT | 10/19/16 LATE FEE | | 25.00 | 227.00 |
| | | Plainfield IL 60544 | Chg | 01/13/2017 | SD | 10/19/16 SOFT DEMAND | | 35.00 | 262.00 |
| | | | Chg | 01/13/2017 | AS | NOV 2016 ASSESSMENT | | 59.00 | 321.00 |
| | | | Chg | 01/13/2017 | AS | DEC 2016 ASSESSMENT | | 59.00 | 380.00 |
| | | | Chg | 01/13/2017 | LT | 12/20/16 LATE FEE | | 25.00 | 405.00 |
| | | | Chg | 01/13/2017 | AS | ASSESSMENT | | 63.00 | 468.00 |
| | | | Pay | 01/13/2017 | | FROM RESIDENT #02 | 00000459 | -84.00 | 384.00 |
| | | | Pay | 01/13/2017 | | FROM RESIDENT #02 | 00000459 | -84.00 | 300.00 |
| | | | Chg | 02/01/2017 | AS | ASSESSMENT | | 63.00 | 363.00 |
| | | | Chg | 02/08/2017 | F2 | LEGAL INV#173576 | | 145.00 | 508.00 |
| | | | Chg | 02/21/2017 | LT | LATE FEE | | 25.00 | 533.00 |
| | | | Chg | 03/01/2017 | AS | ASSESSMENT | | 63.00 | 596.00 |
| | | | Chg | 03/20/2017 | LT | LATE FEE | | 25.00 | 621.00 |
| | | | Chg | 03/20/2017 | SD | SOFT DEMAND | | 35.00 | 656.00 |
| | | | Chg | 04/01/2017 | AS | ASSESSMENT | | 63.00 | 719.00 |
| | | | Cr | 04/10/2017 | SD | CR SD 1/13/17 | | -35.00 | 684.00 |
| | | | Cr | 04/10/2017 | SD | CR SD 3/20/17 | | -35.00 | 649.00 |
| | | | Cr | 04/10/2017 | F2 | S/B RESIDENT #02 | | -145.00 | 504.00 |
| | | | Chg | 04/18/2017 | LT | April Late Fee | | 25.00 | 529.00 |
| | | | Chg | 05/01/2017 | AS | ASSESSMENT | | 63.00 | 592.00 |
| | | | Chg | 05/22/2017 | LT | May Late Fee | | 25.00 | 617.00 |
| | | | Chg | 06/01/2017 | AS | ASSESSMENT | | 63.00 | 680.00 |
| | | | Chg | 06/21/2017 | LT | June Late Fee | | 25.00 | 705.00 |
| | | | Chg | 07/01/2017 | AS | ASSESSMENT | | 63.00 | 768.00 |
| | | | Chg | 07/11/2017 | F2 | Legal Inv#180876 | | 145.00 | 913.00 |
| | | | Chg | 07/21/2017 | LT | July Late Fee | | 25.00 | 938.00 |
| | | | Chg | 08/01/2017 | AS | ASSESSMENT | | 63.00 | 1,001.00 |
| | | | Chg | 08/21/2017 | LT | August Late Fee | | 25.00 | 1,026.00 |
| | | | Chg | 09/01/2017 | AS | ASSESSMENT | | 63.00 | 1,089.00 |
| | | | Chg | 09/20/2017 | LT | September Late Fee | | 25.00 | 1,114.00 |
| | | | Chg | 10/01/2017 | AS | ASSESSMENT | | 63.00 | 1,177.00 |
| | | | Chg | 10/06/2017 | F2 | Legal Inv#185242 | | 117.50 | 1,294.50 |
| | | | Chg | 10/20/2017 | LT | October Late Fee | | 25.00 | 1,319.50 |
| | | | Chg | 11/01/2017 | AS | ASSESSMENT | | 63.00 | 1,382.50 |
| | | | Chg | 11/08/2017 | F2 | Legal Inv#186070 | | 172.50 | 1,555.00 |
| | | | Pay | 11/10/2017 | | PAYMENT | 91391 | -900.00 | 655.00 |
| | | | Pay | 11/14/2017 | | PAYMENT | 7349 | -567.00 | 88.00 |
| | | | Chg | 11/20/2017 | LT | November Late Fee | | 25.00 | 113.00 |
| | | | Chg | 12/01/2017 | AS | ASSESSMENT | | 63.00 | 176.00 |
| | | | Chg | 12/21/2017 | LT | December Late Fee | | 25.00 | 201.00 |
| | | | Chg | 01/01/2018 | AS | ASSESSMENT | | 64.00 | 265.00 |
| | | | Chg | 01/08/2018 | F2 | Legal Inv#187623 | | 145.00 | 410.00 |
| | | | | | | | End Bal | | | 410.00 |



NAPERVILLE
114 East Van Buren Avenue
Naperville, IL 60540
phone 630 245 5081
facsimile 630 369 9279

December 29, 2017

Ann D. Griffin
22241 W. Niagara Trail
Plainfield, IL 60544

      *RE:*    *Lakewood Falls Community Association, Inc. v. Ann D. Griffin*
            *22241 W. Niagara Trail, Plainfield*
            *Bankruptcy Case Number 16-23508*

Dear Ms. Griffin:

    Our office represents the Lakewood Falls Community Association, Inc. (hereinafter "the Association") in the above-referenced matter. It has come to our attention that you have failed to remain current on post-petition assessment payments. As of December 29, 2017, the post-petition balance on this account is $346.00. Enclosed please find a current statement of your post-petition account.

    Please note that assessments in the amount of $63.00 are assessed to the account each month. If the assessment remains unpaid by the 15th day of the month, a late charge in the amount of $25.00 is assessed to the account. ***Please bring your post-petition account current by January 12, 2018. Otherwise, our office will look to file a Motion for Relief from Stay on behalf of the Association shortly thereafter. Any payment of this default should be directed to my Naperville office, in the form of certified funds.***

    Should you have any questions, please contact our office.

                                        Very truly yours,

                                        DAWN L. MOODY
                                        Attorney at Law

enclosure
cc: Attorney Kathleen Vaught (via electronic mail)
X:\client\Lakewood Falls\Collections\griffin\BK - 16-23508\12-29-17dlm.griffin.wpd

LF-0507  Lakewood Falls Assn
Plainfield IL  60544

| Unit | STAT# | Resident | Type | Date | CC | Description | Check | Amount | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 2070 | 03 | Ann Griffin | App# | 64413 | | | Beg Bal | | 0.00 |
| | | Yvonne Griffin | Chg | 01/13/2017 | AS | AUG 2016 ASSESSMENT | | 59.00 | 59.00 |
| | | 22241 W Niagara Trl | Chg | 01/13/2017 | AS | SEPT 2016 ASSESSMENT | | 59.00 | 118.00 |
| | | Plainfield IL 60544 | Chg | 01/13/2017 | LT | 9/20/16 LATE FEE | | 25.00 | 143.00 |
| | | | Chg | 01/13/2017 | AS | OCT 2016 ASSESSMENT | | 59.00 | 202.00 |
| | | 22241 W NIAGARA TRAIL | Chg | 01/13/2017 | LT | 10/19/16 LATE FEE | | 25.00 | 227.00 |
| | | Plainfield IL 60544 | Chg | 01/13/2017 | SD | 10/19/16 SOFT DEMAND | | 35.00 | 262.00 |
| | | | Chg | 01/13/2017 | AS | NOV 2016 ASSESSMENT | | 59.00 | 321.00 |
| | | | Chg | 01/13/2017 | AS | DEC 2016 ASSESSMENT | | 59.00 | 380.00 |
| | | | Chg | 01/13/2017 | LT | 12/20/16 LATE FEE | | 25.00 | 405.00 |
| | | | Chg | 01/13/2017 | AS | ASSESSMENT | | 63.00 | 468.00 |
| | | | Pay | 01/13/2017 | | FROM RESIDENT #02 | 00000459 | -84.00 | 384.00 |
| | | | Pay | 01/13/2017 | | FROM RESIDENT #02 | 00000459 | -84.00 | 300.00 |
| | | | Chg | 02/01/2017 | AS | ASSESSMENT | | 63.00 | 363.00 |
| | | | Chg | 02/08/2017 | F2 | LEGAL INV#173576 | | 145.00 | 508.00 |
| | | | Chg | 02/21/2017 | LT | LATE FEE | | 25.00 | 533.00 |
| | | | Chg | 03/01/2017 | AS | ASSESSMENT | | 63.00 | 596.00 |
| | | | Chg | 03/20/2017 | LT | LATE FEE | | 25.00 | 621.00 |
| | | | Chg | 03/20/2017 | SD | SOFT DEMAND | | 35.00 | 656.00 |
| | | | Chg | 04/01/2017 | AS | ASSESSMENT | | 63.00 | 719.00 |
| | | | Cr | 04/10/2017 | SD | CR SD 1/13/17 | | -35.00 | 684.00 |
| | | | Cr | 04/10/2017 | SD | CR SD 3/20/17 | | -35.00 | 649.00 |
| | | | Cr | 04/10/2017 | F2 | S/B RESIDENT #02 | | -145.00 | 504.00 |
| | | | Chg | 04/18/2017 | LT | April Late Fee | | 25.00 | 529.00 |
| | | | Chg | 05/01/2017 | AS | ASSESSMENT | | 63.00 | 592.00 |
| | | | Chg | 05/22/2017 | LT | May Late Fee | | 25.00 | 617.00 |
| | | | Chg | 06/01/2017 | AS | ASSESSMENT | | 63.00 | 680.00 |
| | | | Chg | 06/21/2017 | LT | June Late Fee | | 25.00 | 705.00 |
| | | | Chg | 07/01/2017 | AS | ASSESSMENT | | 63.00 | 768.00 |
| | | | Chg | 07/11/2017 | F2 | Legal Inv#180876 | | 145.00 | 913.00 |
| | | | Chg | 07/21/2017 | LT | July Late Fee | | 25.00 | 938.00 |
| | | | Chg | 08/01/2017 | AS | ASSESSMENT | | 63.00 | 1,001.00 |
| | | | Chg | 08/21/2017 | LT | August Late Fee | | 25.00 | 1,026.00 |
| | | | Chg | 09/01/2017 | AS | ASSESSMENT | | 63.00 | 1,089.00 |
| | | | Chg | 09/20/2017 | LT | September Late Fee | | 25.00 | 1,114.00 |
| | | | Chg | 10/01/2017 | AS | ASSESSMENT | | 63.00 | 1,177.00 |
| | | | Chg | 10/06/2017 | F2 | Legal Inv#185242 | | 117.50 | 1,294.50 |
| | | | Chg | 10/20/2017 | LT | October Late Fee | | 25.00 | 1,319.50 |
| | | | Chg | 11/01/2017 | AS | ASSESSMENT | | 63.00 | 1,382.50 |
| | | | Chg | 11/08/2017 | F2 | Legal Inv#186070 | | 172.50 | 1,555.00 |
| | | | Pay | 11/10/2017 | | PAYMENT | 91391 | -900.00 | 655.00 |
| | | | Pay | 11/14/2017 | | PAYMENT | 7349 | -567.00 | 88.00 |
| | | | Chg | 11/20/2017 | LT | November Late Fee | | 25.00 | 113.00 |
| | | | Chg | 12/01/2017 | AS | ASSESSMENT | | 63.00 | 176.00 |
| | | | Chg | 12/21/2017 | LT | December Late Fee | | 25.00 | 201.00 |
| | | | | | | | End Bal | | 201.00 |
| | | | | | | *Legal Fee - Post-Petition Demand | | 145.00 | 346.00 |

*Additional legal fee incurred, but not yet posted to the account.